## Appeal of C. H. SIMONDS COMPANY.          Docket No. 267.

A corporation taxpayer which during the year 1918 paid additional compensation to its officers for services rendered in 1918 equal in amount to a reduction suffered by them in their salaries in previous years is entitled to deduct from its gross income in its income-tax return for 1918 the amount of the additional compensation paid, provided the total amount paid for compensation in 1918 does not exceed reasonable compensation for services rendered by them during that year.

Submitted November 12, 1924; decided November 29, 1924.

*A. L. H. Newton, Esq.,* for the taxpayer.

*Willis D. Nance, Esq.,* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LITTLETON, and SMITH.

### FINDINGS OF FACT.

1. The taxpayer is a Massachusetts corporation with principal office at Boston, Mass. It was incorporated April 2, 1914, with a

paid-up capital stock of $75,000, which amount was reduced in 1916 to $50,000 to take care of a deficit resulting from operations during the years 1914 and 1915. Of the 500 shares of capital stock outstanding during the year 1918, 489 shares were owned by the president, George W. Simonds; 1 share by the treasurer, John T. Anderson; and 1 share by the secretary, Selina Sellars.

2. All of the officers devoted their entire time to the business of the taxpayer. The compensation paid to each for the years 1916, 1917, and 1918 is shown by a rider attached to the taxpayer's income-tax return for 1918, as follows:

| | 1916. | 1917. | 1918. |
|---|---|---|---|
| George W. Simonds | $7, 150 | $12, 524. 67 | $7, 950 |
| John T. Anderson | 3, 770 | 4, 160. 00 | 4, 240 |
| Selina Sellars | 722 | 822. 00 | 1, 024 |

3. For the year 1918 George W. Simonds, president, was paid an additional amount of $3,250 and John T. Anderson an additional amount of $1,950, which amounts were charged to " general expense " and deducted from gross income in the taxpayer's income-tax return for 1918 as an ordinary and necessary expense of doing business.

4. At a meeting of the board of directors of the taxpayer held January 5, 1915, the following resolution was adopted:

Upon motion of the treasurer, seconded by Miss Tyacke, it was voted to amend the vote of April 2, 1914, regarding salaries of President and Treasurer, and pay them, respectively, $5,200 per year for the president, and $2,600 per year for the Treasurer, to be paid as originally set forth, and to take effect from January 4, 1915.

At a meeting of the board of directors held April 12, 1916, the following resolution was adopted:

Upon motion of the President, seconded by the Treasurer, it was voted that the salary of the President be made $7,800 per year, and the salary of the Treasurer be made $4,160 per year, beginning April 2, 1916.

At a meeting of the board of directors held December 10, 1918, the following resolution was adopted:

That the amount of $3,250 be paid to the president to reimburse him for the amount reduced in his salary from January 4, 1915, to April 2, 1916, at which date the original salary was restored, and that the same be charged to general expense.

That the amount of $1,950 be paid to the treasurer to reimburse him for the amount reduced in his salary from January 4, 1915, to April 2, 1916, at which date the original salary was restored, and that the same be charged to general expense.

That beginning January 1, 1919, the president's salary be $10,400 per year.

That beginning with January 1, 1919, the treasurer's salary be $5,200 per year.

5. The salaries of most of the employees of the taxpayer were greatly increased during the years 1917 and 1918, and in 1918 the treasurer protested to the president that they were not receiving enough in salaries to enable them to live properly and that he thought they were both entitled to draw from their business sufficient money to enable them so to live. It was in pursuance of this protest on the part of the treasurer that additional compensation was paid to the president and to the treasurer during the year 1918.

6. Upon an audit of the taxpayer's income-tax return for 1918 the Commissioner disallowed the deduction from gross income of

$5,200 representing the additional compensation paid to its president and treasurer in pursuance of the resolution of the board of directors dated December 10, 1918.

7. The deficiency in tax for 1918 shown by the deficiency letter mailed to the taxpayer July 31, 1924, was $2,381.36.

### DECISION.

The taxpayer was entitled to deduct from its gross income for the year 1918 the $5,200 additional compensation paid to its president and treasurer during that year. So much of the deficiency in tax for 1918 as results from a disallowance of the deduction of this item is disallowed.

### OPINION.

Smith: Under the Revenue Act of 1918, under which the taxpayer's income-tax return for 1918 was made, a corporation is permitted to deduct from gross income, among other items, " all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered * * *."

In the instant case the taxpayer contends that the additional compensation to the amount of $5,200 paid to its president and treasurer constitutes ordinary and necessary expenses of the taxable year 1918. The Commissioner contends that the amount is not deductible for the reason that it was paid for services performed by its officers during the years 1915 and 1916 and therefore are not legal deductions from the gross income of the year 1918.

From the evidence before it the Board is of the opinion that there was no element of a gift in the payment by the taxpayer of the amounts of $3,250 to the president, and $1,950 to the treasurer during the year 1918. Both of these officers had devoted their time and attention to the business of the taxpayer over a series of years and had received very moderate salaries. By reason of unsatisfactory business conditions during the years 1914 and 1915 the taxpayer had lost a considerable amount of its capital and the officers had voluntarily accepted a reduction in salary.

During the year 1918 the treasurer protested to the president that they could not live on the salaries that they were getting and that inasmuch as the corporation was then in a position to pay them larger salaries he thought that larger salaries should be paid. The corporation thereupon paid additional compensation in 1918, measured by the reduction of salaries which had been sustained by the two officers from January 4, 1915, to April 2, 1916. The fact that the measure of the additional compensation was the amount of the reduction in salaries suffered during the period above mentioned is not proof that the additional amounts paid for 1918 were not in reality additional compensation for services performed by the officers during the year 1918. The Board is of the opinion that the additional amounts paid are legal deductions from the gross income of the taxpayer for 1918 as ordinary and necessary expenses of operation.